# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ESPRITT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A SAESEE, et al.,<br><br>　　　　　Defendants. | 1:11-cv-00519-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Doc. 21.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.　BACKGROUND**

　　Brian Espritt ("Plaintiff"), a civil detainee at Atascadero State Hospital in Atascadero, California, is proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 28, 2011. (Doc. 1.) On October 21, 2011, Plaintiff filed the First Amended Complaint. (Doc. 12.) On June 22, 2012, the Court issued an order requiring Plaintiff to either file a Second Amended Complaint or notify the Court of his willingness to proceed with the claims in the First Amended Complaint found cognizable by the Court. (Doc. 15.) On July 20, 2012, Plaintiff filed the Second Amended Complaint, bringing claims against correctional officers at the SATF for excessive force and confiscation of personal property. (Doc. 17.)

　　On March 1, 2013, Plaintiff filed a motion for preliminary injunctive relief, which is now before the Court. (Doc. 21.)

## II. PRELIMINARY INJUNCTIVE RELIEF

Plaintiff has requested a court order directing the Kings County Jail to forward his personal property to him at Atascadero State Prison.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. The defendants in this action are employees at SATF, and Plaintiff's allegations arose from events occurring before March 28, 2011. Plaintiff now requests a court order requiring employees at the Kern County Jail to return his property. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied. "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

IV.    **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, THE COURT HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed July 2, 2010, is DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   March 7, 2013**            /s/ **Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE