UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ESPRITT,<br><br>        Plaintiff,<br><br>   vs.<br><br>A. SAESEE, et al.,<br><br>        Defendants | 1:11-cv-00519-AWI-GSA-PC<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO AMEND, TO THE EXTENT IT ACTS AS AN IMPERMISSIBLE SURREPLY<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND STRIKING THE PROPOSED THIRD AMENDED COMPLAINT LODGED ON MARCH 24, 2014<br><br>(Doc. 50.) |

**I.    BACKGROUND**

Brian Espritt ("Plaintiff"), a civil detainee at Atascadero State Hospital in Atascadero, California, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 28, 2011. (Doc. 1.) This case now proceeds on the Second Amended Complaint, filed by Plaintiff on July 20, 2012, against defendants Saesee, Hill, Torres, Davis, Lopez, Ballesteros, and Magallon for use of excessive force in violation of the Eighth Amendment. (Doc. 26.)

On September 19, 2013, defendants Magallon, Hill, Saesee, Lopez, and Ballasteros ("Defendants") filed a motion to dismiss for failure to exhaust remedies before filing suit. (Doc. 37.) On November 14, 2013, Plaintiff filed an opposition to the motion. (Doc. 43.) On

November 20, 2013, Defendants filed a reply to the opposition.  (Doc. 33.)  The motion to dismiss is pending.

On March 24, 2014, Plaintiff filed a motion to amend the complaint and lodged a proposed Third Amended Complaint.  (Docs. 49, 50.)

## II.   PLAINTIFF'S MOTION

### A.   Arguments -- Surreply

In the motion to amend, Plaintiff makes arguments in opposition to Defendants' motion to dismiss that are not related to the motion to amend.  This further argument acts as a surreply,[1] because the motion to dismiss was fully briefed and submitted on the record under Local Rule 230(*l*) on November 20, 2013.

Plaintiff was previously informed by the court that he requires leave of court to file a surreply.  (Doc. 48 at 2 ¶II.)  In fact, on January 2, 2014, the court issued an order denying Plaintiff leave to file a surreply.  (Id.)  Now, it appears that Plaintiff has attempted to circumvent the court's order by submitting a surreply as part of his motion to amend.  Plaintiff shall not be allowed to circumvent the court's order.  The court finds no valid reason to allow additional briefing by Plaintiff without prior leave of court.[2]  Therefore, to the extent Plaintiff's motion to amend acts as a surreply, the motion shall be stricken from the record.[3]

### B.   Leave to Amend – Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

---

[1] A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).

[2] A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

[3] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). Because Plaintiff has already amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.

Plaintiff seeks to amend the complaint to revive claims that were dismissed from this action and to compel the court to reconsider his medical claim and claim for loss of property. Such amendment at this stage of the proceedings, when Defendants' motion to dismiss for failure to exhaust administrative remedies is pending, would be prejudicial to Defendants. Therefore, Plaintiff's motion to amend shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. To the extent that Plaintiff's motion to amend acts as a surreply, the motion is STRICKEN from the record;
2. Plaintiff's motion to amend the complaint is DENIED; and
3. Plaintiff's proposed Third Amended Complaint, lodged on May 24, 2014, is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **March 28, 2014**                    **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE