# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ESPRITT, | 1:11-cv-00519-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO EXHAUST REMEDIES BE DENIED |
| vs. | |
| A. SAESEE, et al., | (Doc. 56.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.   BACKGROUND

Brian Espritt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 28, 2011.  (Doc. 1.)  This case now proceeds on the Second Amended Complaint, filed by Plaintiff on July 20, 2012, against defendants A. Saesee (Correctional Counselor I) and Correctional Officers (C/Os) S. Hill, S. Torres, J. Davis, M. Lopez, A. Ballesteros, and Y. Magallon (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment.  (Doc. 17.)[1]

---

[1] On June 20, 2013, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983.  (Doc. 33.)

On May 7, 2014, Defendants filed a Rule 12(b)(6) motion to dismiss this action on the ground that Plaintiff's failure to exhaust administrative remedies is evident on the face of the operative Second Amended Complaint.  (Doc. 56.)  On August 18, 2014, Plaintiff filed an opposition to the motion.  (Doc. 62.)  On August 25, 2014, Defendants filed a reply to Plaintiff's opposition.  (Doc. 63.)  Defendants' motion to dismiss is now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS OF EXCESSIVE FORCE

Plaintiff is presently incarcerated at Wasco State Prison in Wasco, California.  The events at issue in the Second Amended Complaint occurred at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, while Plaintiff was incarcerated there.  Plaintiff's factual allegations follow.

Plaintiff alleges that on February 2, 2010, defendants C/Os Saesee, Hill, Torres, Davis, Lopez, Ballesteros, and Magallon assaulted Plaintiff.  Initially, Plaintiff was struck by defendants Saesee, Hill, and Torres.  Due to numerous blows to the head, Plaintiff fell to the ground and was repeatedly beaten and kicked, resulting in numerous injuries to his left ear, right cheek and eye, right shoulder, and right wrist, with cuts down to the bone.  One of the responding officers, defendant Davis, applied his full body weight via his knee to the handcuffs on Plaintiff's right wrist, causing cuts down to the bone.  While Plaintiff was face down on the ground in restraints, defendant Lopez grabbed Plaintiff's right foot and began slamming it up and down on the concrete in an apparent attempt to cause further injury.  Defendants Ballesteros and Magallon then carried Plaintiff by the back of his shirt hem and the middle chain between his handcuffs, more than 100 yards to the program office, choking Plaintiff to unconsciousness, then dumping him into a standing "one-man" cage head first, causing further facial injuries as well as bloody left toes due to being dragged 100 yards over asphalt.  (Second Amd Cmp, Doc. 17 at 5:4-5.)  Plaintiff's shoes and socks were removed during the initial assault.  Prior to being taken to the program office, Plaintiff overheard an unknown officer say, "Lieutenant Goss gave us a 'green light' (slang for 'thumbs up') but you guys are gonna mess it up," in response to the length and intensity of the beating.  (Id. at 5:9-12.)

///

As a result of the officers' actions, Plaintiff suffered a permanent split to his top left ear, a black eye, and lacerations to his right cheek and shoulder.  Also, Plaintiff's right wrist was cut down to the bone.  Two and a half years later, Plaintiff was still suffering from frequent headaches and loss of memory and concentration.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.      Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is ordinarily subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir.). However, where an inmate's complaint shows a failure to exhaust on its face, it is subject to dismissal under Rule 12(b)(6). Id. at 1166; Jones, 549 U.S. at 215 ("A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.") (quoting Loveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

**C.      CDCR's Administrative Grievance System**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a)(2010). In 2010, prisoners were required to submit appeals within thirty calendar days of the event being appealed or of receiving an unacceptable lower level appeal decision. Id. at § 3084.8(b)(2010). Three formal levels of appeal are involved, including the first level, second level, and third level. Id. at § 3084.7(2010). In order to satisfy

§ 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

## IV.   DEFENDANTS' MOTION

Defendants move to dismiss this action on the ground that Plaintiff's failure to exhaust the CDCR's administrative appeals process for his excessive force claims against them is evident on the face of the Second Amended Complaint.  Defendants argue that Section II(C) of the Second Amended Complaint clearly concedes that the claims were not exhausted, pursuant to Plaintiff's allegations in that section:

> "Appeal and misconduct complaint still <u>not returned</u> to plaintiff via prison's mail system.  Subsequent appeals not returned as well.  Plaintiff did however give video interview to officials approx. 3-5 days after incident.  No charges filed against defendant."

(Doc. 17 at 2 ¶II(C))  (emphasis in original).

Defendants assert that the Second Amended Complaint does not provide further context to indicate whether the appeal Plaintiff submitted could have exhausted the excessive force claims against Defendants.  Defendants assert that the Second Amended Complaint does not allege when the appeal was submitted for review, where it was submitted, or to whom it was submitted.  Defendants further assert that the Second Amended Complaint does not indicate what was contained in the appeal or whether Plaintiff attempted to pursue the appeal through all levels of administrative review.  Defendants argue that Plaintiff appears to imply that it was futile to pursue his appeal, which is not an exception to the exhaustion requirement.

### Plaintiff's Opposition

Plaintiff argues that he did not concede in the Second Amended Complaint that he failed to exhaust his available remedies.  Plaintiff asserts that he pursued his administrative remedies via CDCR 602 appeals, but those appeals went unanswered and unreturned.  Plaintiff argues that prison employees themselves made his remedies unavailable.  Plaintiff alleges that prison officials refused to process or return any of his appeals concerning the assault.

///

Plaintiff alleges that he filed an assault and misconduct form at Pleasant Valley State Prison (PVSP) on February 9, 2010 and after receiving no response, filed successive appeals at PVSP regarding the same issue on May 20, 2010 and June 19, 2010.[2]  Plaintiff alleges that none of the appeals were responded to or returned to him.  Plaintiff alleges that he was unable to submit the appeals to any level higher than the first level of review, because he never received a response at the first level.

Plaintiff also refers to evidence of exhaustion of remedies he submitted to the court in opposition to Defendants' prior motion to dismiss of September 18, 2013.

**Defendants' Reply**

Defendants argue that Plaintiff has not shown that he exhausted his administrative remedies.  Defendants assert that Plaintiff has admitted that he did not receive a Third Level decision on his excessive force claims against Defendants.  Defendants argue that Plaintiff improperly relies on evidence outside of the Second Amended Complaint, and on prior arguments he submitted in opposition to Defendants' prior motion to dismiss, in an effort to show that he should be excused from the exhaustion requirement.  Defendants argue that Plaintiff fails to specifically address Defendants' arguments and does not identify any specific allegations in the Second Amended Complaint showing that he exhausted his remedies or was excused from the exhaustion requirement.

**Discussion**

This case now proceeds only on Plaintiff's claims against defendants Saesee, Hill, Torres, Davis, Lopez, Ballesteros, and Magallon, for use of excessive force in violation of the Eighth Amendment.  Plaintiff's claims arise from an alleged assault by Defendants against Plaintiff on February 20, 2010, when Plaintiff was beaten and fell to the ground in restraints, after which his foot was slammed on the concrete, and he was dragged over concrete, choked to unconsciousness, and dumped head first into a cage, causing cuts, bruises, and lacerations.

///

---

[2] Plaintiff was transferred from SATF to PVSP only hours after the excessive force event occurred. (Second Amended Complaint, Doc. 17 at 6:4-5.)

It is undisputed that Plaintiff failed to exhaust his remedies at the prison.  Plaintiff acknowledges that he did not complete the appeals process to the final level of review because he never received a response at the first level of review and therefore could not proceed to higher levels.  However, the mere absence of exhaustion does not entitle Defendants to dismissal of this action.  See Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available").  As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The question here is whether the evidence on the face of the Second Amended Complaint conclusively shows that Plaintiff had remedies available to him which he failed to exhaust.[3]

At issue is Plaintiff's response in the Second Amended Complaint to the question, "Is the [inmate appeal or administrative remedy process available at your institution] completed?" As noted above, Plaintiff responded, with respect to Claim 1 (his excessive force claim), as follows:

> "Appeal and misconduct complaint still <u>not returned</u> to plaintiff via prison's mail system.  Subsequent appeals not returned as well.  Plaintiff did however give video interview to officials approx. 3-5 days after incident.  No charges filed against defendant."

(Doc. 17 at 2 ¶II(C))  (emphasis in original).

Defendants' argument that Plaintiff's case should be dismissed because he fails to allege facts in the Second Amended Complaint showing that he exhausted his administrative remedies is unpersuasive, because section 1997e(a) does not impose a pleading requirement

---

[3] The court shall not consider any evidence outside of the Second Amended Complaint and the pleadings to resolve Defendants' motion.  Defendants have not styled their motion as a motion for summary judgment, and the court declines to convert the motion into a motion for summary judgment.  Therefore, the court will apply the standards applicable to Rule 12(b)(6) motions to dismiss, set forth above.

upon Plaintiff. <u>Jones</u>, 549 U.S. at 216. It is the Defendants who bear the burden of raising and proving failure to exhaust administrative remedies. <u>Id.</u>

Plaintiff's allegation, in the Second Amended Complaint, that his appeals were not returned to him via the prison mail system raises the issue of improper screening, and the Ninth Circuit has clarified that improper screening of an inmate's grievances renders administrative remedies "effectively unavailable" such that exhaustion is not required under the PLRA. <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 826–27 (9th Cir. 2010). Plaintiff argues in his opposition to Defendants' motion that he did not concede in the Second Amended Complaint that he failed to exhaust his available remedies. Thus, the court cannot find that the Second Amended Complaint conclusively shows on its face that Plaintiff had remedies available to him which he did not exhaust. Therefore, Defendants' motion to dismiss must be denied.

## V.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court cannot find that the Second Amended Complaint conclusively shows on its face that Plaintiff had remedies available to him which he did not exhaust. Therefore, **IT IS HEREBY RECOMMENDED** that:

1.   Defendants' Rule 12(b)(6) motion to dismiss for failure to exhaust remedies, filed on May 7, 2014, be DENIED; and

2.   Defendants be required to either file a motion for summary judgment pursuant to <u>Albino v. Baca</u>,[4] or file an Answer to the Second Amended Complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file

---

[4] In <u>Albino v. Baca</u>, the Ninth Circuit held that a motion for summary judgment is the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA. <u>Albino</u>, 747 F.3d at 1170.

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 13, 2014**            **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE