UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ESPRITT, | 1:11-cv-00519-AWI-GSA-PC |
| Plaintiff, | ORDER STRIKING SURREPLY (Doc. 81.) |
| vs. | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION |
| A. SAESEE, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

## I.    BACKGROUND

Brian Espritt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 28, 2011.  (Doc. 1.)  This case now proceeds on the Second Amended Complaint, filed by Plaintiff on July 20, 2012, against defendants A. Saesee (Correctional Counselor I) and Correctional Officers (C/Os) S. Hill, S. Torres, J. Davis, M. Lopez, A.

Ballesteros, and Y. Magallon (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment.  (Doc. 17.)[1]

On January 16, 2015, Defendants filed a motion for summary judgment based on failure to exhaust administrative remedies.  (Doc. 72.)  On April 17, 2015, Plaintiff filed an opposition to the motion.  (Doc. 77.)  On May 15, 2015, Defendants filed a reply to Plaintiff's opposition. (Doc. 80.)

On May 18, 2015, Plaintiff filed a supplement to his opposition, which the court construes as a surreply.  (Doc. 81.)

## II.    SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.   USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).  The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one.  Accordingly, Plaintiff's surreply, filed on May 18, 2015, shall be stricken from the record.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Under Local Rule 230(*l*), Defendants' motion for summary judgment of January 16, 2015 was fully briefed and submitted on the record on May 15, 2015, when Defendants filed their reply to Plaintiff's opposition.  Plaintiff has not shown good cause for the court to allow him to file a surreply.  Therefore, Plaintiff's surreply shall be stricken from the record.

## III.    LEAVE TO AMEND

In the interest of allowing the parties to fully brief the issues, the court shall open a thirty-day time period for Plaintiff to amend his opposition to the pending motion for summary judgment, if he so wishes.  The court will not consider multiple oppositions, however, and

---

[1] On June 20, 2013, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983.  (Doc. 33.)

Plaintiff has two options upon receipt of this order.  Plaintiff may either (1) stand on his previously-filed opposition of April 17, 2015, or (2) withdraw it and file an Amended Opposition.  The Amended Opposition, if any, must be complete in itself and must not refer back to any of the opposition documents filed on April 17, 2015 or May 18, 2015.  L. R. 220.[2]

**IV.    CONCLUSION**

        Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's surreply, filed on May 18, 2015, is STRICKEN from the court's record;

2.    Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition of April 17, 2015 and file an Amended Opposition to Defendants' motion for summary judgment of January 16, 2015;

3.    If Plaintiff does not file an Amended Opposition in response to this order, his existing opposition, filed on April 17, 2015, will be considered in resolving Defendants' motion for summary judgment; and

4.    If Plaintiff elects to file an Amended Opposition, Defendants may file a reply pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

    Dated:   **May 20, 2015**           **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

---

[2]Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."