# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ESPRITT,<br><br>        Plaintiff,<br><br>    v.<br><br>A. SAESEE, et al.,,<br><br>        Defendant**. | Case No.  1:11-cv-00519-AWI-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 72)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Pending before the Court is Defendants' motion for summary judgment filed January 16, 2015.  Plaintiff opposed the motion on April 17, 2015.  Defendant's amended reply was filed August 24, 2015..

**I.**

**PROCEDURAL HISTORY**

This action proceeds on the July 20, 2012, second amended complaint (ECF No. 17.) Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Wasco State Prison, brings this action against correctional officials employed by the CDCR at the California Substance Abuse Treatment Facility at Corcoran (SATF), where the events at issue occurred.  Plaintiff names as Defendants Correctional Counselor A. Saesee,

1

Institutional Gang Investigative (IGI) Officer Velazquez, IGI Officer Furlong, Lieutenant Goss, Correctional Officer (C/O) S. Hill, C/O S. Torres, C/O J. Davis, M. Lopez, A. Ballesteros and Y. Magallon.  Plaintiff sets forth claims of excessive force, confiscation of property, deliberate indifference to medical needs, violations of the Americans with Disabilities Act (ADA) and denial of access to the courts.  On April 15, 2013, an order was entered, finding that the second amended complaint stated a cognizable claim against Defendants Saesee, Hill, Torres, Davis, Lopez, Ballesteros and Magallon for use of excessive force in violation of the Eighth Amendment. (ECF No. 26).  On June 20, 2013, an order was entered by the District Court, adopting the findings and recommendations of the Magistrate Judge, ordering that this action shall proceed only against Defendants Saesee, Hill, Torres, Davis, Lopez, Ballesteros and Magallon for use of excessive force in violation of the Eighth Amendment.  The order dismissed all remaining claims and Defendants. (ECF No. 33.)    All Defendants have answered and have filed the motion for summary judgment that is before the Court. (ECF No. 72.)[1]  Plaintiff has filed an opposition. (ECF No. 77) and an amended opposition ECF No. 87.)  Defendants have filed a reply (ECF No. 91.)

## II.

## ALLEGATIONS

Plaintiff alleges that on February 2, 2010, Defendants Saesee, Hill, Torres, Davis, Lopez, Ballesteros and Magallon assaulted him.  Plaintiff specifically alleges that he was initially struck by Defendants Saesee, Hill and Torres.  Due to numerous blows to the head, Plaintiff fell to the ground and was repeatedly beaten and kicked, resulting in injuries to his left ear, right cheek and eye, right shoulder, right wrist (including "cuts down to the bone.")  One of the responding officers, Defendant Davis, applied his full body weight via his knee to the handcuffs on Plaintiff's right wrist, causing cuts.  While Plaintiff was face down on the ground in restraints, Defendant Lopez grabbed Plaintiff's right foot and began slamming it up and down on the

---

[1] Defendants filed a motion to dismiss for failure to exhaust available administrative remedies on September 19, 2013 (ECF No. 37).  On November 17, 2014, an order was entered by the District Court, adopting the findings and recommendations of the Magistrate Judge and denying the motion to dismiss without prejudice to re-filing the motion as a motion for summary judgment pursuant to Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (ECF No. 68.)

concrete in an apparent attempt to cause further injury.  Defendants Ballesteros and Magallon then carried Plaintiff by the back of his shirt hem and the middle chain between his handcuffs over 100 yards to the program office, choking Plaintiff to unconsciousness, then dumping him into a standing "one-man' cage head first, causing further facial injuries as well as bloody left toes due to being dragged 100 yards over asphalt.  Plaintiff's shoes and socks were removed during the initial assault.  Prior to being taken to the program office, Plaintiff overheard an unknown officer say, "Lieutenant Goss gave us a 'green light' (slang for 'thumbs up') but you guys are gonna mess it up," in response to the length and intensity of the beating.  (April 15, 2013, order screening the second amended complaint, at 3:4-20 (ECF No. 26.))

## III.

## ANALYSIS

### A. Summary Judgment Standard

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2010); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  Albino v. Baca, 747 F.3d 1162, 1168-69 (9th Cir. 2014)(en banc).  Following the decision in Albino, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)or (2) a motion for summary judgment under Rule 56.[2]  Id.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e).   Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint."  Albino, 747 F.3d at 1162.

1  R. Civ. P. 56(a); Albino, 747 F.3d at 1169 ("If there is a genuine dispute about material facts,
2  summary judgment will not be granted.")  A party asserting that a fact cannot be disputed must
3  support the assertion by "citing to particular parts of materials in the record, including
4  depositions, documents, electronically stored information, affidavits or declarations, stipulations
5  (including those made for purposes of the motion only), admissions, interrogatory answers, or
6  other materials, or showing that the materials cited do not establish the absence or presence of a
7  genuine dispute, or that an adverse party cannot produce admissible to support the fact." Fed. R.
8  Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties,
9  but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School
10 Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d
11 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the Court
12 "must draw all reasonable inferences in the light most favorable to the nonmoving party."
13 Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir.
14 2011).  The Court must liberally construe Plaintiff's filings because he is a pro se prisoner.
15 Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

16      In a summary judgment motion for failure to exhaust administrative remedies, the
17 defendants have the initial burden to prove "that there was an available administrative remedy,
18 and that the prisoner did not exhaust that available administrative remedy." Albino, 747 F.3d at
19 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward
20 with evidence showing that there is something in his particular case that made the existing and
21 generally available administrative remedies effectively unavailable to him."  Id.  The ultimate
22 burden of proof remains with defendants, however. Id. The ultimate burden of proof remains
23 with defendants, however.  Id.  "If material facts are disputed, summary judgment should be
24 denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

25      The Court takes judicial notice of the fact that the State of California provides its
26 prisoners and parolees the right to appeal administratively "any policy, decision, action,
27 condition, or omission by the department or its staff that the inmate or parolee can demonstrate
28 as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs.

Tit. 15 § 3084.1(a).  The process is initiated by submitting a CDCR form 602.  Id, at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c) (2009).  Four levels were involved, including the informal level,  first formal level, second formal level and third formal level.  Id. at § 3084.5 (2009).  A final decision at the third level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a).[3]  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d at 1199-1201.

**B.   Defendants' Undisputed Facts**

In support of their motion, Defendants submit the declarations of Pleasant Valley State Prison (PVSP) Appeals Coordinator J. Morgan, SATF Appeals Coordinator M. Hildreth and Acting Chief of Office of Appeals (OOA) R. Briggs, and exhibits attached thereto.  Defendants' evidence establishes the following.

Plaintiff knew about and utilized the CDCR grievance process between February 2, 2010, when the events at issue occurred, and March 28, 2011, when he commenced this action.  None of the appeals submitted by Plaintiff during that time frame involved allegations of excessive force by SATF officers.  (Compl. 1, 4-6; Hildreth Decl. ¶¶ 9-12; Morgan Decl. ¶ 6.)  The only appeal accepted for review during that time period involved both SATF and PVSP, so the appeal was split and adjudicated under different appeal numbers at each institution: Appeal Log Nos. SATF-O-10-01661 and PVSP-S-10-00452.  (Hildreth Decl. ¶ 10; Morgan Decl. ¶ 7.)  Attached as Exhibit B to Morgan's declaration are copies of Plaintiff's grievance no. PVSP-S-10-00452 and responses to the grievance.  Exhibit B establishes that the issue in that appeal was Plaintiff's request that his orthotic boots, leg brace and prescription glasses be forwarded to him at PVSP from SATF.

---

[3] The third level is sometimes known as the Director's level.

1    SATF handled the property component as Appeal Log No.SATF-O-10-1661. (Hildreth
2 Decl. ¶ 10, Ex. A at 4.) PVSP handled the ADA component as Appeal Log No. PVSP-S-10-
3 00452. The appeal was granted on April 27, 2010, and PVSP agreed to replace Plaintiff's ADA
4 appliances. Plaintiff sought second level review of that appeal but it was screened out for
5 exceeding time limits prescribed under Title 15. (Hildreth Decl. ¶ 11.) There is no record of
6 either appeal being reviewed at the second or third level of review. (Briggs. Decl. ¶¶ 6, 8-11,
7 Ex.A; Hildreth Decl. ¶¶ 6-9, Ex. A; Morgan Decl. ¶¶ 6-9, Ex. A.)

8    The OOA, which processes appeals at the third and final level of formal review, received
9 two appeals from Plaintiff between February 2, 2010 and March 28, 2011. (Briggs, Decl. ¶¶
10 2,4.) Those appeals, both of which addressed property issues, were procedurally screened out
11 and not accepted because they had not been reviewed at the second level and lacked supporting
12 documentation. (Briggs Decl. ¶¶ 6-10, Ex. A at p. 3 (numbered as 057.)) Exhibit A is a copy of
13 the Inmate/Parolee Appeals Tracking System (IATS) printout for appeals history for Plaintiff
14 between February 2, 2010 and March 28, 2011.

15    The Court finds that Defendants have met their burden on summary judgment.
16 Defendants have submitted evidence that establishes the lack of existence of a triable issue of
17 fact. Defendants have submitted evidence that establishes that Plaintiff did not file a grievance
18 regarding the conduct at issue in this lawsuit, and the grievances Plaintiff did file were not
19 related to any of the conduct charged to the Defendants in this case. The burden shifts to
20 Plaintiff to come forward with evidence that establishes a triable issue of fact as to whether he
21 exhausted his available administrative remedies prior to filing suit.

22    **C.    Plaintiff's Opposition**

23    The Court will consider the opposition filed in response to the motion to dismiss for
24 failure to exhaust administrative remedies (ECF No. 43) and the opposition filed in response the
25 motion for summary judgment that is currently before the Court (ECF No. 77). The opposition
26 to the motion to dismiss includes Plaintiff's arguments. The opposition to the motion for
27 summary judgment consists of Plaintiff's exhibits in support of his opposition.

28    In a declaration attached to his opposition to the motion to dismiss, Plaintiff refers to a

1  grievance regarding assault by staff on February 9, 2010.  Plaintiff declares that on February 9, 2  2010, he filed a grievance regarding the assault and on February 16, 2010, filed a grievance 3  regarding his missing property. (Espritt Decl. ¶3.)   Plaintiff also filed an appeal regarding 4  medical property on March 25, 2010. (Id.)  Regarding the property appeals, Plaintiff declares that 5  one was granted at the informal level and another was granted in full at the first level of review. 6  (Espritt Decl. ¶ 4.)   Regarding his appeal about staff assault, Plaintiff declares that he never 7  received a response to the appeal.  Plaintiff declares that "over the last 15 years," he has had 8  numerous appeals end up lost or misplaced after delivering them to prison officials. (Espritt 9  Decl. ¶¶ 4,8.)  Plaintiff does not specifically describe the appeal.  In the opposition to the motion 10  to dismiss, Plaintiff refers to a "CDCR 602 appeal and attached staff complaint detailing 11  assault." (ECF No. 43 at3:10-11.)  Plaintiff did, however, file a Government Claims Form with 12  the California Victim Compensation and Government Claims Board.  The issue in that claim was 13  the assault by Defendants, and the claim form lists Defendants by name.

14  The Court has reviewed Plaintiff's exhibits in support of his opposition to the motion for 15  summary judgment. (ECF No. 77.)  The bulk of the exhibits refer to unrelated inmate grievances 16  and grievances filed after the incident at issue.  Page 17 of Exhibit C-1 is a copy of the 17  Crime/Incident report, CDCR Form 837-A, describing the events at issue in this lawsuit. 18  Plaintiff also submits the declaration of inmate John Madrid, who declares that "on two 19  occasions, I saw and heard prisoner Espritt submit 2 602 appeals to staff members C/O Hinojosa 20  (3rd watch) on February 9, 2010, and C/O Sanchez (3rd watch) on May 20, 2010, here at 21  Pleasant Valley State Prison. (Madrid Decl. ¶ 4.)  Inmate Monterubio similarly declares that "2 22  times I witnessed prisoner Espritt H83832, submit 602 appeals and staff complaints to employees 23  C/O Hinojosa (3/w) and C/O Sanchez (3/w) on May 20, 2010 here at P.V.S.P.) (Monterubio 24  Decl. ¶ 4.)   The Court notes that the second amended complaint alleges that the conduct 25  occurred at SATF. (Am. Comp., ECF No. 17, p. 5.)

26  In Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010), the Ninth Circuit held that a 27  plaintiff "must establish (1) that he actually submitted a grievance or grievances that, if pursued 28  through all levels of administrative appeals, would have sufficed to exhaust the claim that he

seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by application regulations." Id. at 824. Although Plaintiff has declared that he submitted a 602, he fails to submit evidence that establishes personal knowledge about the content of the appeal, he fails to refer to any information about the content of the appeals and he fails to produce any copies of the appeals. Plaintiff's declaration establishes, at most, that he filed a grievance on February 9, 2010. Plaintiff has not come forward with any evidence that the grievance he filed was pursued beyond the informal level. Plaintiff's declaration does not establish evidence that Defendants were put on notice of the specific conduct charged in the second amended complaint.

Further, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing evidence must be sufficiently probative to permit a reasonable trier of fact to find in favor of the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The test is whether the opposing party "has come forward with sufficiently 'specific' facts from which to draw reasonable inferences about other material facts that are necessary elements of the opposing party's claim." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). This obligation cannot be satisfied by "conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001). Plaintiff's testimony that he submitted a 602 grievance, with nothing more, fails to meet Plaintiff's burden on summary judgment.

## IV.

## CONCLUSION

Defendants have met their burden on summary judgment by coming forward with evidence that establishes the lack of existence of a triable issue of fact as to whether Plaintiff exhausted his available administrative remedies prior to filing suit. Defendants' evidence

1  establishes that Plaintiff did not file a grievance regarding the conduct at issue in this lawsuit and
2  did not pursue a grievance through the final, Director's level of review.  Plaintiff testifies that he
3  filed a 602 grievance, but fails to come forward with any evidence establishing the particular
4  facts of the grievance, or any evidence that he pursued such a grievance through the Director's
5  level of review.  Judgment should therefore be entered in favor of Defendants and against
6  Plaintiff.

7  Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion for summary
8  judgment on the ground that Plaintiff failed to exhaust his available administrative remedies
9  prior to filing suit be granted.

10  These findings and recommendations will be submitted to the United States District
11  Judge assigned to the case, pursuant to the provision of 28 U.S.C. 636 (b)(1).  Within **thirty (30)**
12  days after being served with these Finding and Recommendations, the parties may file written
13  objections with the Court.  The document should be captioned "Objections to Findings and
14  Recommendations."  The parties are advised that failure to file objections within the specified
15  time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834,
16  838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2015**

UNITED STATES MAGISTRATE JUDGE